IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERTINA MARIE MCCONNELL,<br><br>Defendant. | CR 13–80–GF–DLC<br><br>ORDER |

Defendant Robertina McConnell moves the Court *in limine* for two pretrial rulings regarding her character and the government's expert testimony. The motion regarding character testimony will be granted and the motion regarding expert testimony will be denied.

**A. Defendant's Character**

Defendant seeks to introduce evidence at trial of her character for nonviolence, peacefulness, and lawfulness pursuant to Federal Rule of Evidence 404(a)(1). Defendant's motion requests a ruling prohibiting the government from rebutting this testimony beyond the character traits introduced by the defense. The

1

government agrees that it may only rebut the specific character trait offered by the defense; however, it asserts that Defendant may only offer character evidence as opinion or reputation evidence under Rule 405(a), with specific instances of conduct being permitted on cross-examination. The government also argues that it may cross-examine on any avenues opened up by the anticipated character evidence.

Rule 404(a) states:

(a) Character Evidence. (1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

(2) Exceptions for a Defendant or Victim in a Criminal Case. The following exceptions apply in a criminal case: (A) a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it. . . .

Rule 405 qualifies Rule 404(a) as follows:

(a) By Reputation or Opinion. When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.

(b) By Specific Instances of Conduct. When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

Defendant will be permitted to offer evidence regarding her character for

peacefulness, nonviolence, and lawfulness, *United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992), through opinion or reputation testimony as permitted by Rule 405. The government may then cross-examine the character witness regarding specific conduct and may question on any areas raised by the character testimony in compliance with the Federal Rules of Evidence.

### B. Prosecutorial Expert Testimony

Defendant also moves to prohibit the government from presenting expert testimony about the cause or extent of the injuries to alleged victim P.S.L. unless she is provided all materials, tests, and reports that formed the basis of the expert's opinion. Defendant requested supplemental production of all relevant medical reports supporting the expert's summary opinions on October 25, 2013, and had not received any of the requested materials as of October 30, 2013. The government responds that it has provided all medical records and reports in its possession, and will disclose any other pertinent records it receives prior to trial. Defendant's motion will therefore be denied subject to renewal prior to the trial set for February 3, 2014.

Accordingly, IT IS ORDERED that Defendant's motion in limine regarding Defendant's character (Doc. 21) is GRANTED as set forth herein.

IT IS FURTHER ORDERED that Defendant's motion in limine regarding

the government's expert testimony (Doc. 23) is DENIED subject to renewal.

Dated this 5th day of December, 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court